IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STATE FARM FIRE & CASUALTY
CO.,
              *Plaintiff*

v.

WATERBURY KITCHEN AND BATH,
INC. et al.
              *Defendants*

:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION

NO. 22-447

## MEMORANDUM

PRATTER, J.                                          AUGUST 23, 2023

Lora and Peter Seeley returned home from a vacation to find that their refrigerator had sprung a leak, causing water damage to their house. The Seeleys' insurer, State Farm, sued Waterbury Kitchen and Bath, LLC, Breakwater Plumbing, LLC, and SJM Appliance, claiming that each defendant had been negligent, breached their contracts with the Seeleys, and breached their warranties, which caused the property damage. But State Farm's argument as to whether it has established causation on each of these claims does not hold water, so the Court will grant the defendants' motion for summary judgment in full.

### BACKGROUND

In early 2018, Lora and Peter Seeley hired Waterbury Kitchen and Bath LLC to design and renovate the kitchen in their recently purchased home. They bought a new refrigerator to be installed for the renovation. Either a Waterbury worker or the plumber hired by Waterbury, Breakwater Plumbing, LLC, installed the refrigerator and made the connection to an existing water line that was already in place instead of the new water line that came with the refrigerator. The renovation was completed in April 2018.

1

The refrigerator and water dispenser operated without issue for over a year. In August 2019, a technician for SJM Appliance, which uses the trade name "Mr. Appliance of the Delaware Valley," installed a new water filter for the refrigerator. A few days later, the Seeleys called Mr. Appliance again after noticing a leak around the refrigerator. The Mr. Appliance technician returned and found that a compression nut that held the hose from the water supply to the refrigerator needed to be replaced, and performed the work that day. Mrs. Seeley testified that after that repair, the refrigerator operated without any issue until the discovery of the leak that is the source of this litigation, 25 months after the repairs made by Mr. Appliance.

State Farm claims that on September 29, 2021, the Seeley's water supply line catastrophically failed, causing a sudden and substantial water release, and this incident occurred as a direct and proximate result of each of the defendants' improper acts and omissions, in particular a negligent failure to identify a worn-out water-supply line that caused or contributed to the catastrophic leak.

After the September 2021 leak, State Farm sent a property adjuster to review the damages to the Seeleys' house. State Farm then requested that the Seeleys send the subject hose and attachment to State Farm, which in turn sent the subject parts to Donan CTL in Tennessee for examination. A Donan engineer authored a report on the possible cause of the hose failure, but State Farm indicated it has no intention of offering that report into evidence at trial or offering the author of the report as an expert witness. The report does not definitively identify the cause of the leak or draw conclusions as to the responsibility of any of the defendants. *See* Donan Report, Ex. D to Mot. for Summ. J. at 5, 10 ("All potentially responsible parties should be placed on notice and provided with the opportunity to witness any further test efforts. . . . Due to the tubing's discoloration, condition of the received tubing, and brittle fractures at the leak location, abuse

associated with subjecting the tubing to an excessive heat source cannot be eliminated as a potential cause of failure.").

State Farm commenced a lawsuit against Waterbury on February 3, 2022. Waterbury then filed a third-party complaint against Breakwater. The case was referred to arbitration, and an arbitration hearing was set for November 30, 2022. On November 29, 2022, State Farm filed an Amended Complaint adding Breakwater and Mr. Appliance as defendants. The amendment of the complaint necessitated the continuance of the arbitration hearing. State Farm asserts claims for negligence, breach of contract, and breach of implied warranties related to the failure of the refrigerator water supply line against each defendant. State Farm's allegations against the defendants include improper "actions of their own, and/or proper worker selection, oversight, direction, training, and work inspection," Am. Compl. ¶¶ 20, 22; negligently failing to competently perform the water supply line installation, or use the new line provided, Am. Compl. ¶ 24(a); failing to warn the Seeleys as to their negligent performance as to the water supply line, Am. Compl. ¶ 24(b); and failure to retain competent, qualified, or able agents, employees subcontractors, or servants to perform the tasks described. Am. Compl. ¶ 24(e). On January 9, 2023, Mr. Appliance filed an answer with affirmative defenses denying liability for the leak. An arbitration hearing was held on March 3, 2023, and a complete defense verdict was entered on State Farm's claims. On March 6, 2023, State Farm appealed the arbitration award for a trial *de novo*. Mr. Appliance filed its motion for summary judgment, and State Farm filed its response in opposition.[1] Waterbury and Breakwater joined in Mr. Appliance's motion. Thereafter, the Court

---

[1]      In light of the delay in adding Mr. Appliance as a defendant in this case, following its request for trial *de novo*, State Farm agreed in a telephone conference with the Court that it would not oppose the filing of a summary judgment motion by Mr. Appliance.

heard oral argument. Thus, the defendants' motion for summary judgment is now ripe for resolution

## LEGAL STANDARDS

### I.  Summary Judgment

For a court to grant summary judgment, the movant must prove "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To be "material," the fact must have the potential to "affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For a dispute about that fact to be "genuine," there must be enough evidence such that a reasonable jury could find for the non-movant on that fact. *Id.* "When considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). The court does not itself "weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the court looks for "sufficient evidence" on which a reasonable jury could decide for the non-movant. *Id.*

"The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id.* at 252. Further, the non-moving party must present more than "bare assertions, conclusory allegations or suspicions." *Fireman's Ins. Co. of Newark, N.J. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S.

317, 322 (1986); *see* Fed. R. Civ. P. 56(c)(1)(A)–(B) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute . . . .").

## II. Diversity Jurisdiction

"In a diversity action, the court must apply the choice of law rules of the forum state to determine what substantive law will govern." *Huber v. Taylor*, 469 F.3d 67, 73 (3d Cir. 2006) (internal quotation marks omitted). Here, the parties are diverse, and the incident giving rise to the present lawsuit occurred in Pennsylvania. The parties do not dispute that Pennsylvania law applies.

DISCUSSION

State Farm sues all defendants for negligence (Count I), breach of contract (Count II), and breach of implied warranties (Count III).

To prevail on each of these claims at trial, State Farm must prove causation by a preponderance of the evidence. In Pennsylvania, "[t]o prevail in a negligence action, a plaintiff must show that (1) the defendant owed a duty of care, (2) the breach of which (3) *caused* (4) damages." *Wright v. Ryobi Techs., Inc.*, 175 F. Supp. 3d 439, 454 (E.D. Pa. 2016) (emphasis added); *see also Krentz v. Consol. Rail Corp.*, 910 A.2d 20, 27 (Pa. 2006). "[T]he mere happening of an accident or an injury does not establish negligence nor raise an inference or a presumption of negligence nor make out a prima facie case of negligence." *Amon v. Shemaka*, 214 A.2d 238, 239 (Pa. 1965); *accord Mitchell v. Milburn*, 199 A.3d 995, 1002 (Pa. Commw. Ct. 2018). To support a breach of contract claim, the plaintiff must show "(1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) *resultant* damages." *Fortunato v. CGA L. Firm*, No. 17-cv-201, 2018 WL 4635963, at *3 (M.D. Pa. Sept. 27, 2018) (internal quotation marks omitted) (emphasis added); *see also Logan v. Mirror Printing*

5

*Co. of Altoona, Pa.*, 600 A.2d 225, 448 (Pa. Super. Ct. Dec. 18, 1991) ("In order to recover for damages pursuant to a breach of contract, the plaintiff must show a causal connection between the breach and the loss.") "To establish a breach of [an] implied warranty . . . , [a] [p]laintiff must show: 1) the existence of the implied warranty; 2) breach of the implied warranty; 3) a *causal connection* between the defendant's breach and the plaintiff's injury or damage; and 4) the extent of loss proximately caused by the defendant's breach." *Byrd v. Essex Silverline Corp.*, No. 04-cv-4827, 2008 WL 81887, at *3 (E.D. Pa. Jan. 8, 2008) (emphasis added).

The primary dispute raised by the defendants' summary judgment motion is whether State Farm has accumulated sufficient evidence of causation to present to the jury.[2] Although the question of whether causation has been shown "is usually a question of fact for the jury to decide . . . when it is clear that reasonable minds could not differ as to causation, the court may decide this issue." *Ross v. Se. Pa. Transp. Auth.*, No. 94-cv-2128, 1995 WL 385087, at *2 (E.D. Pa. June 27, 1995). State Farm argues that it has met its burden on causation and that an expert opinion is not required on this point. Moreover, State Farm argues that Mr. Appliance, Breakwater, and Waterbury may be found liable on the theory of *res ipsa loquitur*.

## I. The Doctrine of *Res Ipsa Loquitur* Cannot Be Invoked

State Farm argues that the doctrine of *res ipsa loquitur* is applicable to the defendants' conduct in this case and precludes a grant of summary judgment.

---

[2]    State Farm alleges that Mr. Appliance improperly filed two motions for summary judgment by raising, only in its reply briefing, the issue of a lack of evidence going to causation. That is an unfair characterization because Mr. Appliance states in its motion that "[i]n this case, expert testimony and opinion, and not lay opinion, is required to prove the breach of the duty of care and causation for the damages as to a particular party or parties." Mot. for Summ. J. at 11.
         Mr. Appliance also relatedly raised an argument that the Donan expert report fails to pass muster under Federal Rule of Evidence 702. But because State Farm subsequently confirmed that it has no intention of presenting the Donan expert report or expert witnesses at trial, the Court need not perform a Rule 702 analysis here.

"[R]es ipsa loquitur was conceived as a shorthand statement of the evidentiary rule allowing negligence to be established by circumstantial proof . . . ." *Gilbert v. Korvette, Inc.*, 327 A.2d 94, 96–97 (Pa. 1974). "It . . . provides that a plaintiff may satisfy his burden of producing evidence of a defendant's negligence by proving that he has been injured by a casualty of a sort that normally would not have occurred in the absence of the defendant's negligence." *Quinby v. Plumsteadville Fam. Prac., Inc.*, 907 A.2d 1061, 1071 (Pa. 2006). Pennsylvania has adopted the rule as set out in the Restatement (Second) of Torts:

> It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when
> (a) the event is of a kind which ordinarily does not occur in the absence of negligence;
> (b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and
> (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

Restatement (Second) of Torts § 328D(1); *Quinby*, 907 A.2d at 1071. The Court focuses on the first two prongs of this test, as State Farm does not raise a significant argument on the third prong, and, in any event, failure to meet any prong of the test is dispositive.

To satisfy the first prong of the test, State Farm "must produce evidence which would permit the conclusion that it was more probable than not the injuries were caused by [the defendants'] negligence." *Micciche v. E. Elevator Co.*, 645 A.2d 278, 281 (Pa. Super. Ct. 1994). This prong is satisfied when there is a "fund of common knowledge from which laymen can reasonably draw the inference or conclusion of negligence" or "where it can be established from expert . . . testimony that such an event would not ordinarily occur absent negligence." *Jones v. Harrisburg Polyclinic Hosp.*, 437 A.2d 1134, 1138 (Pa. 1981).

State Farm fails to confront this first prong and offers no support for the proposition that the event of a failed water line "ordinarily does not occur in the absence of negligence."

Restatement (Second) of Torts § 328D(1)(a).  The Court is highly skeptical that the average juror could draw upon a fund of common knowledge as to the machinations of refrigerators and the installations of water supply lines to find an inference of negligence from the mere fact of a leak. Nor does State Farm gesture to any expert testimony it has adduced that could establish that point—indeed, it explicitly states that it will not be offering an expert at trial.

State Farm also cannot meet the second prong of the test—ruling out other causes for the water supply line failure. There can be no reliance on the *res ipsa loquitur* doctrine where the injury is "equally as attributable to fluke happenstance as to carelessness" on the part of the defendants. *Chapman v. Chaon*, 619 F. App'x 185, 189 (3d Cir. 2015); *see also Pyle v. Otis Elevator Co.*, 855 F. App'x 107, 109 (3d Cir. 2021) (affirming that plaintiff could not rely on *res ipsa loquitur* where he "did not offer any evidence that would rule out non-negligent causes for his injury"). State Farm argues that Mr. Seeley confirmed that no entities except for the three defendants ever moved the refrigerator, so they are the only potential causes for the catastrophic flooding of the kitchen. However, State Farm's own expert report suggests that the tube could have degraded due to an excessive heat source, not the negligent installation or repair of the refrigerator and water supply line. And State Farm's failure to obtain an expert report that is more definitive as to whether the defendants might have caused the leak "is significant because it leaves untested the possibility that the incident . . . may have occurred for reasons that have nothing to do with negligence on the part of" Mr. Appliance, Breakwater, or Waterbury. *Pyle v. Otis Elevator Co.*, No. 19-cv-4283, 2020 WL 3265163, at *6 (E.D. Pa. June 17, 2020); *cf. Reyes v. Otis Elevator Co.*, No. 13-cv-4379, 2016 WL 6495115, at *4 (E.D. Pa. Nov. 2, 2016) ("Where an expert can state that an injury would not normally occur absent negligence, identify several possible causes that

are all within the defendant's responsibility, and rule out all other causes, his testimony can support a claim of negligence under the *res ipsa loquitur* standard.").

Moreover, State Farm has not identified a similar case involving water damage or allegedly faulty plumbing where the *res ipsa loquitur* doctrine was successfully invoked. To the contrary, the Court, in conducting its own review of the caselaw, has found no indication that Pennsylvania courts would find application of the doctrine appropriate under these circumstances. Essentially, State Farm argues that only Waterbury, Breakwater, and Mr. Appliance touched the failed water supply line, so *res ipsa loquitur* applies. But if the Court were to agree with that argument, it would be in direct contravention of Pennsylvania law. *See Amon*, 214 A.2d at 239 ("[T]he mere happening of an accident or an injury does not establish negligence nor raise an inference or a presumption of negligence nor make out a prima facie case of negligence."). Because State Farm has failed to satisfy the first two prongs of the doctrine, the Court concludes that State Farm may not rely on *res ipsa loquitur* to establish Waterbury's, Breakwater's, or Mr. Appliance's negligence.

## II. There Is Insufficient Evidence of Causation on All Claims[3]

Without the advantage provided by *res ipsa loquitur*, State Farm is up a creek without a paddle. It now must prove by a preponderance of the evidence that Mr. Appliance, Waterbury, and Breakwater *caused* damages. The defendants argue that State Farm's expert report does not touch on this issue, and there is no evidence in the record that establishes causation. State Farm argues that no expert testimony is required because the causation of a leak is reasonably within the bounds of a layperson's understanding.

---

[3] The parties also dispute whether expert testimony is needed to establish the defendants' breach of duty of care. Unlike causation, breach of duty of care is not an element of all three claims that State Farm brings against the defendants, so the Court focuses its analysis on whether expert testimony is needed to establish causation and whether State Farm established causation.

In Pennsylvania, "[e]xpert testimony is often employed to help jurors understand issues and evidence which is outside of the average juror's normal realm of experience." *Young v. Commonwealth of Pa. Dep't of Transp.*, 744 A.2d 1276, 1278 (Pa. 2000). The Supreme Court of Pennsylvania has noted that "[t]he employment of testimony of an expert rises from necessity, a necessity born of the fact that the subject matter of the inquiry is one involving special skills and training beyond the ken of the ordinary layman." *Reardon v. Meehan*, 227 A.2d 667, 670 (Pa. 1967). "If all the primary facts can be accurately described to a jury and if the jury is as capable of comprehending and understanding such facts and drawing correct conclusions from them as are witnesses possessed of special training, experience or observation, then there is no need for the testimony of an expert." *Id.*; *see also Hightower-Warren v. Silk*, 698 A.2d 52, 54 n.1 (Pa. 1997) ("The exception to the requirement of expert testimony . . . applies where the matter is so simple or the lack of skill or care is so obvious as to be within the range of experience and comprehension of even non-professional persons."). "Where the cause of an injury is arguably complex, a party must produce expert testimony on causation to survive a motion for summary judgment." *State Farm Fire & Cas. Co. v. Gopher Baroque Enters., Ltd.*, No. 09-cv-322, 2010 WL 5464767, at *6 (E.D. Pa. Dec. 29, 2010) (citing *Oddi v. Ford Motor Co.*, 234 F.3d 136, 159 (3d Cir. 2000)).

The instant motion focuses primarily on the issue of causation and whether a refrigerator or its accoutrements can spring a leak absent faulty installation or repair. So, to decide this case if it were to go to trial, jurors would need to understand whether a refrigerator installation occurring in 2018 or a refrigerator repair occurring in 2019 could reasonably have caused a property-damaging flood in 2021. Almost certainly such hypothetical jurors would all have refrigerators in their residences, but it is likely well "beyond the ken" of the ordinary layman to determine whether— or which of—Waterbury's, Breakwater's, or Mr. Appliance's actions with regard to the Seeleys'

refrigerator caused a water-supply line failure, particularly where 25 months lapsed between when Mr. Appliance last touched the line and there was a catastrophic leak. *Reardon*, 227 A.2d at 670.

No party directs this Court to Pennsylvania state caselaw or other binding precedent directly addressing whether or not expert testimony is a requirement in a case such as this one. But as a point of a comparison, courts in the Third Circuit and state courts in Pennsylvania have found that negligence or products liability cases involving trucks, microwaves, tractor trailers engines, and leaking water coolers all demanded expert testimony on causation. *See, e.g., Oddi*, 234 F.3d at 159 (concluding that expert testimony was required to sustain a design defect claim with regard to a truck); *State Farm Fire & Cas. Co. v. Cohen*, No. 19-cv-1947, 2020 WL 5369626, at *8 (E.D. Pa. Sept. 8, 2020) (determining that expert testimony was necessary to show that a microwave had caused a fire); *American Power, LLC v. Speedco, Inc.*, No. 15-cv-2091, 2017 WL 4084060, at *7 (M.D. Pa. Jan. 17, 2017), *report and recommendation adopted*, 2017 WL 4150463 (M.D. Pa. Aug. 24, 2017) (finding expert proof was required in case about tractor trailer engine explosion following basic maintenance); *Meyers v. LVD Acquisitions, LLC*, No. 1740 MDA 2016, 2017 WL 1163056, at *3 (Pa. Super. Ct. Mar. 28, 2017) (concluding expert testimony was needed to establish negligent design or maintenance of leaking water cooler). Refrigerators and water supply lines fall within the same range of complexity as these products, and so expert testimony is required to show causation here, or a "jury [would] resort to speculation or conjecture in determining [a] causal relationship." *Reyes*, 2016 WL 6495115, at *4 (citation omitted); *see also Young*, 744 A.2d at 1278. Even viewing all the evidence in the light most favorable to State Farm, absent a showing of the causation element, no reasonable jury could find for State Farm on any of its claims, so a grant of summary judgment is appropriate here.

But even if expert testimony on the point of causation were not necessary, the Court would still grant summary judgment because State Farm has failed to present any *non-expert* evidence that would show causation. State Farm implies that it will cross that bridge when it gets to it. But, at summary judgment, the parties have reached that bridge, and "the plain language of Rule 56(c) mandates the entry of summary judgment [if State Farm] fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

State Farm thus cannot proceed to trial on any of its claims.

## CONCLUSION

State Farm cannot invoke *res ipsa loquitur*, and it has not established a prima facie case of negligence, breach of contract, or breach of implied warranty as a matter of law because there is no expert evidence—or indeed any evidence—of causation. There is no genuine dispute of material fact, so Mr. Appliance, Waterbury, and Breakwater are entitled to summary judgment.

The Court grants the motion for summary judgment in its entirety. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE